1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

PETER N.G. SCHWARTZ,

Plaintiff,

vs.

AT THE COVE MANAGEMENT
CORPORATION, also known as "AT
THE COVE" HOMEOWNERS'
ASSOCIATION, REZA PAYDAR,
LORI BAKER, ANDERS DALE and
DOES 1-10,

Defendants.

CASE NO. 12cv3077-GPC(WVG)

**ORDER DENYING DEFENDANTS'**
***EX PARTE* APPLICATION TO**
**ADVANCE DATE OF**
**DEFENDANTS' ANTI-SLAPP**
**MOTION AND GRANTING AN**
**ORDER TO STAY ALL**
**DISCOVERY**

[Dkt. No. 22.]

On March 12, 2013, Defendants filed an *ex parte* motion to advance the date of Defendants' anti-SLAPP motion and for an order to stay all discovery. (Dkt. No. 22.) Plaintiff filed a response on the same day. (Dkt. No. 23.)   A hearing is currently set for June 14, 2013.  After a review of the papers and applicable law, the Court DENIES Plaintiff's *ex parte* application to advance the date of Defendants' anti-SLAPP motion and GRANTS Plaintiff's request to stay all discovery.

## Discussion

Defendants seek to advance the hearing date on their motion to strike pursuant to California Civil Procedure Code section 425.16(f) and a motion for an order staying discovery under California Civil Procedure Code section 425.16(g).

1   Plaintiff states he does not oppose the hearing date of June 14, 2013.  He asserts

2   that he is still reviewing Defendants' anti-SLAPP motion and has not yet determined

3   whether he will seek an order allowing discovery in connection with opposing the

4   motion.  At this time, he is amenable to a stay of discovery; however, he seeks the

5   option to open discovery if needed.

6   California Civil Procedure Code section 425.16(f) & (g) provide:

7   (f) The special motion may be filed within 60 days of the service of the
    complaint or, in the court's discretion, at any later time upon terms it
8   deems proper. The motion shall be scheduled by the clerk of the court
    for a hearing not more than 30 days after the service of the motion
9   unless the docket conditions of the court require a later hearing.

10  (g) All discovery proceedings in the action shall be stayed upon the
    filing of a notice of motion made pursuant to this section. The stay of
11  discovery shall remain in effect until notice of entry of the order ruling
    on the motion. The court, on noticed motion and for good cause shown,
12  may order that specified discovery be conducted notwithstanding this
    subdivision.

13

14  Cal. Civ. Proc. Code § 425.16(f) & (g).

15  As to shortening the time to hold a hearing on the anti-SLAPP motion, due to the

16  state of the docket, the Court cannot hear Defendants' anti-SLAPP Motion within 30

17  days of filing the motion, and therefore, the motion hearing date shall remain on **June

18  14, 2013 at 1:30 p.m.**

19  As to a stay of discovery, it is a long-recognized principle that federal courts

20  sitting in diversity "apply state substantive law and federal procedural law." Hanna v.

21  Plumer, 380 U.S. 460, 465 (1965).   The Ninth Circuit has held that California

22  Procedure Code section 425.16(f) and (g) cannot apply in federal court.  Metabolife

23  Internat'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001).  The court explained that

24  the discovery-limiting aspects of 425.15(f)[1] and (g) collide with the discovery-allowing

25  aspects of Federal Rule of Civil Procedure 56.  Id.

26  However, since Metabolife, courts have recognized the distinction between an

27

28  [1]In Metabolife, the court addressed the provision, in section 415.16(f), that an
    anti-SLAPP motion may be filed within sixty days of the filing of the complaint which
    prevents a plaintiff from  conducting discovery.

[12cv3077-GPC(WVG)]

1   anti-SLAPP motion that is in the nature of a Rule 12(b)(6) motion to dismiss and one

2   that presents issues of fact, akin to a Rule 56 summary judgment motion, for purposes

3   of determining whether the discovery stay applies.  One court described the general

4   rule from Metabolife as follows: "the discovery-limiting provisions of [the anti SLAPP

5   statute] collide with the discovery-permitting provisions of Rule 56, and therefore are

6   not available in federal court unless either (1) the factual basis of the case has been

7   developed through discovery . . . to the extent a motion for summary judgment would

8   be appropriate; (2) the parties agree that further discovery is not necessary; or (3) the

9   only issue presented by the motion is an issue of law and the motion is suitable for

10   decision as a motion to dismiss pursuant to Rule 12(b)(6)." Aeroplate Corp. v. Arch

11   Ins. Co., No. 06–1099 AWI SMS, 2006 WL 3257487, at *9 (E.D. Cal. Nov.9, 2006)

12   (internal citations omitted, emphasis added); see also Davis v. Elec. Arts, Inc., No.

13   C–10–03328 RS DMR, 2011 WL 2621626, at *3 (N.D. Cal. Jul. 5, 2011).

14       Here, at this time, Plaintiff agrees that further discovery is not necessary.

15   Accordingly, discovery will be stayed.  See Aeroplate Corp., 2006 WL 3257487, at *9.

16   **Conclusion**

17       Based on the above, the Court DENIES Defendants' *ex parte* application to

18   advance the date of their anti-SLAPP motion and GRANTS Plaintiff's request to stay

19   discovery pending resolution of the anti-SLAPP motion.  Defendants may, on noticed

20   motion and for good cause, move before the Magistrate Judge for specific discovery

21   for purposes of filing an opposition to the anti-SLAPP motion.

22       IT IS SO ORDERED.

23

24   DATED:  March 14, 2013

25

26   HON. GONZALO P. CURIEL

United States District Judge

27

28

- 3 -      [12cv3077-GPC(WVG)]