UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER N. G. SCHWARTZ,<br><br>    Plaintiff,<br>v.<br><br>AT THE COVE MANAGEMENT CORPORATION, also known as "AT THE COVE" HOMEOWNERS' ASSOCIATION, REZA PAYDAR, LORI BAKER, ANDERS DALE and DOES 1-10,<br><br>    Defendants. | Case No. 3:12-cv-3077-GPC-JMA<br><br>**ORDER DENYING DEFENDANTS' SPECIAL MOTION TO STRIKE**<br><br>[Dkt. No. 20] |

## **INTRODUCTION**

Before the Court is Defendants At the Cove Management Corporation, Reza Paydar, Lory Baker, Anders Dale's (collectively "Defendants") Special Motion to Strike Plaintiff's Complaint or Causes of Action. (ECF No. 20.) Defendants seek to strike Plaintiff Peter N. G. Schwartz' complaint on the basis that Plaintiff's allegations arise out of activities protected under California's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute. Cal. Code Civ. Proc. § 425.16. Having considered the parties' submissions and for the reasons set forth below, the Court hereby **DENIES** Defendants' Special Motion to Strike as to all causes of action.

## **BACKGROUND**

Plaintiff Peter N.G. Schwartz ("Mr. Schwartz") has owned a three-level unit at At the Cove, 1205 Coast Boulevard, Unit B, La Jolla, California since 1992. (Compl. ¶ 15.) The garage in Mr. Schwartz's unit has a man door which allows pedestrian access without opening the garage door. (Id.) Mr. Schwartz uses the first level of his unit, the garage space, as a living area. (Id. ¶ 17) In 2003, Mr. Schwartz commenced an extensive renovation of his unit, which was permitted by the City of San Diego ("City") and included substantial improvements to the first level of Mr. Schwartz's unit. (Id.) At the Cove Management Corporation (a/k/a "At the Cove Homeowners' Association) ("Association"), the governing body for the At the Cove condominium property, filed a lawsuit in the Superior Court of California challenging Mr. Schwartz' renovation. (Id.)

On July 27, 2005, after considering Mr. Schwartz' entire renovation, the superior court issued a permanent injunction mandating that Mr. Schwartz comply with the following: (1) replace the garage wall with a garage door similar to the door that previously existed (which included a man door); (2) remove a garage window; and (3) return the area where the window was located to its previous condition. (Id. Ex. A, J. & Permanent Inj.) Mr. Schwartz complied with the Court's order, the City performed a final inspection and issued a Certificate of Occupancy in 2005. (Id. ¶ 20.)

In 2008, the Association sought to assess several hundreds of dollars from each condominium owner to pay for extensive exterior renovations. (Id. ¶ 21.) In response to the Association's ballot seeking a vote on the contemplated renovation, Mr. Schwartz provided approval, subject to the conditions that the Association's renovation not interfere with his use of the garage as a living area, his own renovation, and his ability to park in the driveway of his unit. (Id. ¶ 22.) On September 2, 2008, counsel for the Association's Board of Directors wrote to Mr. Schwartz's counsel assuring Mr. Schwartz that the renovation would not affect the use of his garage as a living space and that he could "keep his existing garage door with the understanding that the

exterior would be updated to remain consistent with the remainder of the units." (Id. Ex. B, Letter to Frank Tobin, Esq.)

In January 2010, near the completion of the Association's exterior renovation, Mr. Schwartz contacted Reza Paydar, an Association Board Member, to confirm that his man door would not be affected when new garage doors would be installed to all At the Cove units. Over the course of the next six months, the Association and Mr. Schwartz negotiated a solution for a new garage facing to be installed to his unit such that the exterior of all units would appear "consistent" while allowing Mr. Schwartz to keep his man door. (Id. Ex. C.) This plan was never executed.

Later in 2010, the Board authorized Kim Campbell, the project manager for the Association's renovation, to contact the City of San Diego Neighborhood Code Compliance department regarding Mr. Schwartz's alleged noncompliance with the Superior Court's 2005 Judgment. (ECF No. 20-1, Decl. Reza Paydar ¶ 10.) On September 9, 2011, the City wrote to Mr. Schwartz confirming that Mr. Schwartz's renovation project "received a final inspection approval on September 13, 2005. . . [and that] the current construction complies with the approved Project and no further action is required by [Mr. Schwartz]." (Compl. ¶ 28.) In October 2010, Mr. Schwartz informed the Association of the City's conclusion and his willingness to put the matter behind him despite incurring $20,000 defending against the City's complaint so long as the garage door pursuant to the plan agreed upon in 2010 was installed. (Id. ¶ 29.) The Association did not respond to Mr. Schwartz's letter. (Id. ¶ 31.)

In 2012, the Association again reported to the City potential light and ventilation code violations relating to Mr. Schwartz's renovation. (Decl. Reza Paydar ¶ 13.) On March 29, 2012, the City concluded in response to the second complaint that Mr. Schwartz's garage level is in compliance with the light and ventilation requirements, the Neighborhood Code Compliance has no basis to reopen its investigation, and no further enforcement action will be taken regarding the "garage conversion" at issue. (Id. Ex. D, City's Email to Mr. Frank Tobin, Esq.)

In April 2012, Mr. Schwartz sent a letter through his counsel to the Association's counsel informing him of the City's conclusion regarding the City's second complaint. Mr. Schwartz further requested that the man door that had been there for years be installed pursuant to the agreement reached with the Association in 2010. Mr. Schwartz also demanded mediation to address these issues. (Compl. ¶ 34.) He did not receive a response from the Association. (Id. ¶ 35.) On September 5, 2012, Mr. Schwartz wrote to the homeowners that he expended approximately $50,000 as a result of the Association's complaints to the City. (Id.) He also explained that if a new garage door pursuant to the June 2010 agreement with the Association was not installed in 90 days, he would take action against the Association's Board for maliciously misusing their powers to diminish quiet enjoyment of his unit. (Id.)

On December 12, 2012, Mr. Schwartz' counsel received a letter from the Association's counsel stating that "the Board has determined that the garage door must be consistent with all the other garage doors in the community," and that although two other units had pedestrian doors prior to the reconstruction, only Mr. Schwartz's door now remained inconsistent with the others. (Id. ¶ 36.) The letter further advised that the Association intended to perform the work no later than 45 days from December 12, 2012 or January 26, 2013. (Id.)

On December 28, 2012, Mr. Schwartz filed a complaint alleging breach of fiduciary duty and breach of the Association's Declaration of Restrictions. Specifically, Mr. Schwartz alleges that Defendants have breached their fiduciary duties and obligations under the Declaration of Restrictions by, inter alia, providing false assurances in 2008 that his garage level unit would not be interfered with as a result of the exterior renovation, reneging on the agreement to update the exterior of Mr. Schwartz's garage level as agreed and reflected in the June 2010 agreement, and making two baseless complaints to the City causing Mr. Schwartz to incur significant damages. (Id. ¶ 52 & Ex. 10; see ECF No. 39, Opp'n Resp. Ex. 18-19.) Mr. Schwartz requests declaratory relief affirming that (1) he is allowed to have a man door at his

garage level as he has had for years; (2) the agreement between Mr. Schwartz and the Association in June 2010 regarding the upgrade to the exterior of Mr. Schwartz's garage door is enforceable; and (3) Mr. Schwartz's renovation on all three levels as modified by the Superior Court's July 2005 Judgment shall remain intact and not be interfered with by the Association. (Id. ¶ 41.) Mr. Schwartz also seeks an injunction prohibiting Defendants from interfering with his use of his garage level as a living area and with Mr. Schwartz's right to a man door. (Id. ¶ 46.) Defendants now move this Court to strike Plaintiff's Complaint under California's anti–SLAPP Statute.

## **DISCUSSION**

Section 425.16 of the California Code of Civil Procedure, California's anti-SLAPP statute, was "enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001); see also United States ex rel. Newsham v. Lockheed Missiles & Space Co. 190 F.3d 963, 970 (9th Cir. 1999). Specifically, the anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it "aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court. See Lockheed Missiles, 190 F.3d at 970–73 (holding that there is no direct conflict between the Federal Rules and §§ 425.16(b) and (c)). Federal courts apply the same rules as California state courts when ruling on anti-SLAPP motions. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003).

A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry. First, the party moving to strike a cause of action "must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." Globetrotter Software, Inc. v. Elan Computer Grp. Inc. 63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999). To make this

determination, the court must consider "the pleadings, and supporting and opposing affidavits stating the facts [on] which the liability or defense is based." Martinez v. Metabolife Int'l, Inc. 113 Cal. App. 4th 181, 186 (2003) (citation omitted). The California legislature has instructed that the statute should be "construed broadly." Id. § 425.16(a). If the moving party fails to carry its initial burden, the anti-SLAPP motion must be denied. Martinez, 113 Cal. App. 4th at 186.

Second, once the defendant has made a prima facie showing, "the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." Globetrotter Software, Inc. 63 F. Supp. 2d at 1129. To satisfy this burden, the plaintiff must show that "the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Metabolife Int'l, Inc., 264 F.3d at 840 (citing Wilcox v. Superior Court, 27 Cal. App. 4th 809, 813 (1994) (disapproved on other grounds by Equilon Enters. v. Consumer Cause, Inc., 29 Cal. 4th 53, 58 (2002)). In other words, the burden is "much like that used in determining a motion for nonsuit or directed verdict, which mandates that 'no reasonable jury' could find for the plaintiff." Id. (citing Wilcox, 27 Cal. App. 4th at 824). If "the court determines that the plaintiff has established that there is a probability the plaintiff will prevail on the claim," the motion to strike must be denied. Cal. Civ. Proc. Code § 425.16(b)(1). Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit—is subject to being stricken under the statute. Navellier v. Sletten, 29 Cal. 4th 82, 89 (2002).

**I. "Arising Under" Requirement**

In order to make a prima facie case that the anti-SLAPP statute applies, Defendants first must show that Mr. Schwartz's cause of action arises from an "act in furtherance of a [Defendants'] right of petition or free speech" which includes "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law . . . [or] (4) any other

conduct in furtherance of the exercise of the constitutional right of petition, or the constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Civ. Proc. Code § 425.16(e); Bulletin Displays, LLC v. Regency Outdoor Adver. Inc., 448 F. Supp. 2d 1172, 1179 (C.D. Cal. 2006). Motions brought under California's anti-SLAPP statute challenge particular causes of action rather than individual allegations or theories supporting a cause of action; a cause of action is subject to the anti-SLAPP statute if at least one of the underlying acts is protected conduct, unless the allegations of protected conduct are merely incidental to the unprotected activity. Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1109 (C.D. Cal. 2009); Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007).

Defendants contend that the primary thrust of Mr. Schwartz's complaint arises from protected activities under California Code of Civil Procedure sections 425.16(e)(1) or, alternatively, (e)(4). Cal. Civ. Proc. Code § 425.16(e). Specifically, Defendants argue that Mr. Schwartz's causes of action arise from the Board's action of petitioning the San Diego City Building Department regarding perceived violations relating to Mr. Schwartz's garage conversion. The two petitions to the City are accordingly a protected form of speech in the nature of a petition of redress to a governmental entity. As such, Defendants argue that granting Mr. Schwartz injunctive relief would effectively restrain Defendants' rights to petition the City of San Diego regarding Mr. Schwartz' potential code violations in the future and that Mr. Schwartz' complaint should be stricken.

Mr. Schwartz responds that his complaint does not arise from protected speech—Defendants' petitions to the City—but rather Defendants' ongoing breaches of fiduciary duty and contract by refusing to honor their 2008 agreement not to let the exterior renovation affect Mr. Schwartz's use of his garage level as a living area, and their subsequent 2010 agreement to have Mr. Schwartz's unit to be updated consistent with the other units while allowing him to retain his man door. Mr. Schwartz argues

that since Defendants' complaints to the City are merely incidental to his claims (assuming that they are even protected speech under the Anti-SLAPP statute), his claims do not fall under the purview of the anti-SLAPP statute.

The Court agrees with Mr. Schwartz that Defendants have not demonstrated that Mr. Schwartz's claims "arise from" protected speech. See Equilon Enters.. 29 Cal. 4th at 77. A cause of action does not arise from activity protected by California's anti-SLAPP statute simply because a cause of action is filed and allegedly protected activity took place; nor does the fact that a cause of action arguably may have been triggered by protected activity necessarily mean that it arises from such activity. Flores v. Emerich & Fike, 416 F. Supp. 2d 885, 897 (E.D. Cal. 2006). The court must focus on the substance of plaintiff's lawsuit in determining whether cause of action arises from protected activity. Id.

The gravamen of Mr. Schwartz's claims is that Defendants reneged on their assurances and agreement with Mr. Schwartz that his garage door would be updated consistent with the other units while allowing him to retain a man door. Mr. Schwartz's claims are based essentially on nonprotected activity—Defendants' alleged conduct in breach of the Declaration of Restrictions and their fiduciary duty to Mr. Schwartz. Although the rift between the parties may have initially arisen in part due to Defendants' complaints to the City regarding potential code violations relating to Mr. Schwartz's garage renovation, Defendants' communications with the City evidence Plaintiff's claims but do not constitute the alleged wrongful conduct themselves. See Gallimore v. State Farm Fire & Cas. Ins. Co., 102 Cal. App. 4th 1388 (2002) (holding that although defendants' protected communicative acts may have "triggered" plaintiff's action and constitute evidence of the wrongful acts alleged, plaintiff's action is not subject to anti-SLAPP because those communicative acts do not themselves form the basis of plaintiff's complaint). Here, the core injury-producing conduct underlying Mr. Schwartz's complaint is Defendants' alleged ongoing refusal to update his garage door pursuant to the negotiations between the parties, not their communications with

the City of San Diego regarding potential code violations.

Accordingly, the Court concludes that Mr. Schwartz's causes of actions do not arise from protected activity under California's anti-SLAPP statute. See Martinez, 113 Cal. App. 4th at 186 (holding that collateral allusions to protected activity do not subject the cause of action to the Anti-SLAPP statute); Scott v. Metabolife Int'l, Inc. 115 Cal. App. 4th 404, 415 (2004) (noting that if allegations of protected activity are only incidental to a cause of action, "the mere mention of protected activity does not subject the action to an anti-SLAPP motion").

**II. Reasonable Probability that Plaintiff Will Prevail**

Defendants' motions can be resolved at the first step of the anti-SLAPP analysis. When defendants fail to meet their initial burden, the court need not consider whether plaintiff has demonstrated a probability of success before denying a special motion to strike. Rouse v. Law Offices of Rory Clark, 465 F. Supp. 2d 1031, 1038 (S.D. Cal. 2007) (citing A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc., 137 Cal. App. 4th 1118, 1129 (2006)); see Navellier, 29 Cal.4th at 89 (noting that "[o]nly a cause of action that . . . arises from protected speech or petitioning and lacks even minimal merit is a SLAPP, subject to being stricken under the statute"); Martinez, 113 Cal. App. 4th at 193 (holding that unless defendants carry their burden at the first step of the anti-SLAPP analysis to show the suit arises from acts in furtherance of their protected activity, the court must deny the motion). In support of their Motion to Strike, Defendants filed objections to certain evidence submitted by Plaintiff. The Court notes Defendant's objections. Having found that Mr. Schwartz's causes of action do not arise from conduct protected under the anti-SLAPP statute, however, the Court need not consider evidence that would be admitted at trial to assess Mr. Schwartz's probability of prevailing on the merits. See Rouse, 465 F. Supp. 2d at 1038.

/ / / /

/ / / /

# CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Special Motion to Strike is **DENIED.**

IT IS SO ORDERED.

DATED: August 5, 2013

HON. GONZALO P. CURIEL
United States District Judge